UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 11-318 DSF (SSx) | Date | 3/7/11 |
|---|---|---|---|
| Title | Sean Johnson v. Mir Mitchell & Co., LLP, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Action to the Superior Court of California, County of Riverside for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). However, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

Defendants assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶ 6.) In order for jurisdiction to exist under § 1332, the amount in controversy must exceed $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a)(1).

For diversity purposes, a limited liability partnership is a citizen of every state of which its members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Although Defendants allege where Defendant Mir Mitchell Company, LLP was created and where it maintains its principal place of business, (see Notice of Removal ¶ 14), they have not alleged or submitted any evidence regarding the citizenship of its members. Because Mir Mitchell's citizenship has not been properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

established, Defendants have not met their burden of showing complete diversity exists here.  For this reason, the Court REMANDS the action to the Superior Court of California, County of Riverside.

    IT IS SO ORDERED.